## EXHIBIT A

## AFFIDAVIT

I, Joseph A. Ahearn, being duly sworn, do hereby declare and state the following:

## INTRODUCTION

1. I have been a Special Agent for the Drug Enforcement Administration ("DEA") since June 13, 2010. I have received nineteen weeks of training in drug investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. Further, I have received courses of instruction from the DEA about investigative techniques and conducting drug and financial investigations. As part of my duties, I have participated in and conducted investigations, which have resulted in the arrest of individuals who have smuggled, received, and distributed controlled substances. During the course of said investigations, I have participated in the seizure of illegal controlled substances and the seizure of proceeds from the sale of those illegal controlled substances. In addition, I have conducted investigations concerning the concealment of assets generated as the result of narcotics trafficking, have reviewed bank records and other documents, and have identified co-conspirators through the use of ledgers, telephone records, photographs, etc., related to drug trafficking. While employed at the DEA, I have conducted physical surveillance,

1

executed search warrants, and arrested drug traffickers. I have spoken with informants and suspects and have received training in the use of wiretaps, telephone toll analysis, and wire intercept equipment. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of cellular telephones, and their use of numerical codes and code words to conduct their transactions.

2. I am familiar with the current techniques in which narcotics traffickers import, store, manufacture, distribute, and finance drug operations. I am also knowledgeable about the currency and other proceeds derived from large-scale narcotics trafficking and am aware that the purchase and exchange of assets, such as real property and vehicles, as proceeds and/or payment for various services is a common practice among drug traffickers.

3. The following affidavit, which is based on my personal knowledge and the knowledge of other experienced law enforcement officers, is submitted to support an *in rem* civil forfeiture action and a warrant of arrest for $18,570.00 United States currency ("Defendant Property").

4. This affidavit is intended to show that there is sufficient probable cause for the filing of the *in rem* civil forfeiture action and does not set forth all of my knowledge about this matter.

5. On April 23, 2021, Florida Highway Patrol conducted a traffic stop on a 2019 white Dodge Ram bearing FL plate PYQF60 in Pensacola, FL. for failure to stop at a red light. The driver and sole occupant was identified as Cortney Deantra WRIGHT. The trooper conducting the stop detected a strong aroma of marijuana from inside the vehicle.

6. Upon questioning, WRIGHT admitted that marijuana was present inside the vehicle. The trooper returned to his vehicle and observed WRIGHT making furtive movements inside the vehicle. At that point, the trooper ordered WRIGHT out of the vehicle and observed a leafy substance, suspected to be marijuana, fall from WRIGHT's pants to the ground as WRIGHT exited the vehicle.

7. A search of the vehicle revealed multiple stacks of currency with black rubber bands in plain view in the center console, further currency within a Beats by Dre case within the center console, suspected marijuana in the center console, suspected marijuana in the passenger seat and passenger floorboard, two pink pills engraved with U31 between the passenger seat and center console and a black backpack in the back seat containing scales and suspected marijuana.

8. WRIGHT was arrested and transported to the Escambia County Jail. The currency was seized by FHP and adopted by DEA. A count of the seized funds on April 27, 2021 resulted in a total amount of $18,570.00.

9. Based upon the aforementioned facts and my training and experience, there is reason to believe that the property described herein constitutes proceeds obtained through and traceable to criminal activity and that it has been utilized to facilitate criminal activity in violation of 21 U.S.C. §§ 841 and 846, and it is therefore subject to seizure and forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) and (b).

10. Furthermore, based upon the totality of the facts and my training and experience, there is probable cause to believe that the Defendant Property is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6). As required by Supp'l Rule G(2)(f), the facts set forth herein support the reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, that the Defendant Property constitutes: (1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act; (2) proceeds traceable to such an exchange; or (3)

facilitated or intended to facilitate a violation of the Controlled Substance Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

                                          JOSEPH J. AHEARN
                                          Special Agent
                                          Drug Enforcement Administration

**STATE OF FLORIDA**
**COUNTY OF** Escambia

The foregoing was sworn before me this 7th day of January, 2022, by Joseph J. Ahearn, who is personally known to me or has produced Fed. Id. as identification.

                                          **Notary Public**

My Commission Expires: 4/30/2022

NILSA N. CLARKE
Commission # GG 212885
Expires April 30, 2022
Bonded Thru Troy Fain Insurance 800-385-7019